IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JASON ISAIAH CARTER, | : |
| Plaintiff, | : |
| VS. | : |
| | : NO. 5:16-CV-83-MTT-CHW |
| BRIAN OWENS, *et al.*, | : |
| Defendants. | : |

### ORDER

In accordance with the Court's previous Order, *pro se* Plaintiff Jason Isaiah Carter, a prisoner currently confined at the Georgia Diagnostic and Classification Prison ("GDCP") in Jackson, Georgia, has filed a Supplemental Complaint (ECF No. 6) further explaining his claims for relief pursuant to 42 U.S.C. § 1983. After reviewing Plaintiff's submissions pursuant to 28 U.S.C. § 1915A, the Court finds Plaintiff has still failed to state a claim upon which relief may be granted. Plaintiff's claims are therefore **DISMISSED without prejudice.**

### PRELIMINARY SCREENING

#### I. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his complaint. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir.

2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

2

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.     Factual Allegations

According to Plaintiff's initial Complaint, on April 5, 2015, Plaintiff ruptured his Achilles tendon while in the prison yard. (Compl. 5, ECF No. 1.) Plaintiff informed an officer right away, and the officer contacted medical personnel. *Id.* Medical personnel told the prison guard to "tell [Plaintiff] to put in a sick call." *Id.* Plaintiff further alleges that he went "more than one week" without seeing a "real doctor" and that he was forced to limp on his injured leg for several more weeks before he saw any specialists. *Id.* at 5, 6. Plaintiff also alleges he "had to work day after day on detail with a tendon injury . . . or face disciplinary action." *Id.* at 5. Plaintiff ultimately had to have surgery to repair the injury, and as a result of the alleged delay in treatment Plaintiff still "can't stand long without num[b]ness and pain." *Id.* at 6.

In his supplemental complaint, Plaintiff alleges that Defendant Chatman, the GDCP warden, denied the grievance Plaintiff filed about his medical treatment and "denied any wrong doing by prison staff." (Suppl. Compl. 1, ECF No. 6.) Plaintiff further alleges that Defendant Lewis, the Medical Director of the Georgia Department of Corrections ("GDOC") likewise denied his grievance and "concluded medical personnel handled this case appropriately." *Id.* Plaintiff also suggests that Defendant Owens, the

GDOC Commissioner, should be liable because he "is the supervisor of the state department of corrections." *Id*. Plaintiff does not, however, explain who from the prison's medical staff delayed his treatment or which prison officials required Plaintiff to work with an injured leg. Plaintiff believes all Defendants have violated his rights because "medical was negligent" and failed "to exercise the degree of care considered reasonable under the circumstance[s]." *Id.* at 2.[1]

### III. Plaintiff's Claims

A prisoner who demonstrates that a prison official was deliberately indifferent to his serious medical needs can state a claim under the Eighth Amendment. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Id.* at 1243. A plaintiff must first "set forth evidence of an objectively serious medical need," and must also "prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* In other words, prison officials must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam).

Despite being given the opportunity to supplement his Complaint to provide more detail about which Defendant or Defendants actually failed to provide him adequate medical care or exacerbated his injury, Plaintiff has failed to do so. Instead, Plaintiff

---

[1] Plaintiff also filed a letter with the Court entitled, "Notice of Grounds in Civil Action," (ECF No. 10), but this document simply listed Plaintiff's purported causes of action and did not contain any additional factual details. The Court has also considered the allegations in Plaintiff's letter to the Court that was received on March 31, 2016 (ECF No. 7).

4

simply alleges that Defendant Chatman should be liable under § 1983 because he denied Plaintiff's grievance complaining about his medical treatment, and Defendants Owens and Lewis should be liable because they likewise denied Plaintiff's grievances or served in a supervisory capacity over those who were actually responsible for providing Plaintiff with adequate medical care.

As Plaintiff was previously advised, supervisors can only be held liable under § 1983 if they personally participated in the allegedly unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if the plaintiff shows

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted).

Plaintiff's Complaint does not allege that Defendants Owens, Lewis, or Chatman personally and directly participated in any decision that violated Plaintiff's constitutional rights, had any customs or policies that implicated Plaintiff's constitutional rights, directed any of their subordinates to act unlawfully, or knew they were doing so and failed to stop them. *See id.* While the grievances Plaintiff filed with Defendants may have informed them of Plaintiff's belief that he was not receiving the level of medical

5

care he desired, Plaintiff has not alleged that his grievances informed Defendants of the kind of "widespread abuse" that is required to impose supervisory liability on a prison official. *See Hendrix*, 535 F. App'x at 805 (plaintiff's contention that supervisors were on notice of need to correct constitutional deprivations because supervisors were aware of his administrative grievances and state court litigation was insufficient to establish that any alleged abuse was more than just an isolated occurrence); *see also Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993) (holding that defendants who were not medical professionals could not be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor"). Moreover, prisoners have no constitutionally-protected liberty interest in accessing a prison's grievance procedure. *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam). Thus, to the extent Plaintiff seeks to hold Defendants liable for somehow mishandling his grievances, such allegations fail to state a claim upon which relief may be granted. *See Thomas v. Warner*, 237 F. App'x 435, 438 (11th Cir. 2007) (per curiam) ("Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim.").

In sum, even construed liberally—and even after being given an opportunity to supply the Court with additional facts—Plaintiff's Complaint and Supplemental Complaint fail to allege sufficient facts upon which to state a § 1983 claim against each named Defendant in this case. As such, Plaintiff's claims must be **DISMISSED without prejudice.**

**IV.     Conclusion**

For the foregoing reasons, the Plaintiff's claims are **DISMISSED without prejudice** for failure to state a claim, pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** this 16th day of May, 2016.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT